JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Mary Louise Johnson

## DEFENDANTS

Edward and Marianne MacDowell and Daniel and Kathleen Kranf

**(b)** County of Residence of First Listed Plaintiff    Collier County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Steven B. Barrett, Esquire
1684 S. Broad St., Ste. 230, Lansdale PA 19446

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☑ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☑ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 and 28 U.S.C. § 1391(b)(2)

Brief description of cause:    Premises Liabilty

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    July 6, 2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Steven B. Barrett, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DESIGNATION FORM

Place of Accident, Incident, or Transaction:____Ottsville, PA_____

---

*RELATED CASE IF ANY:*   Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                   Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?        Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*   *Federal Question Cases:*

- ☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.   FELA
- ☐ 3.   Jones Act-Personal Injury
- ☐ 4.   Antitrust
- ☐ 5.   Wage and Hour Class Action/Collective Action
- ☐ 6.   Patent
- ☐ 7.   Copyright/Trademark
- ☐ 8.   Employment
- ☐ 9.   Labor-Management Relations
- ☐ 10.  Civil Rights
- ☐ 11.  Habeas Corpus
- ☐ 12.  Securities Cases
- ☐ 13.  Social Security Review Cases
- ☐ 14.  Qui Tam Cases
- ☐ 15.  Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16.  All Other Federal Question Cases. *(Please specify):*_____

*B.*   *Diversity Jurisdiction Cases:*

- ☐ 1.   Insurance Contract and Other Contracts
- ☐ 2.   Airplane Personal Injury
- ☐ 3.   Assault, Defamation
- ☐ 4.   Marine Personal Injury
- ☐ 5.   Motor Vehicle Personal Injury
- ☑ 6.   Other Personal Injury *(Please specify):*__Premises__
- ☐ 7.   Products Liability
- ☐ 8.   All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY LOUISE JOHNSON<br>8230 Promoso Court<br>Naples, FL 34114<br><br>v.<br><br>EDWARD MACDOWELL and<br>MARIANNE MACDOWELL, h/w<br>15 Hilltop Drive<br>Ottsville, PA   18942-1617<br>and<br>DANIEL KRAPF and<br>KATHLEEN KRAPF, h/w<br>8 Catherine Avenue<br>Doylestown, PA 18901 | NO.: 2:26-cv-04657<br><br>JURY TRIAL DEMANDED<br><br><br>ASSESSMENT OF DAMAGES<br><br>HEARING IS REQUIRED |

## COMPLAINT

Plaintiff, Mary Louise Johnson, through her counsel, Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C., hereby files this Complaint against Defendants, Edward MacDowell and Marianne MacDowell and Daniel Krapf and Kathleen Krapt, and in support thereof, avers as follows:

### The Parties

1.      Plaintiff, Mary Louise Johnson, is an adult individual and resides at 8230 Promoso Court, Naples, FL 34114.

2.      Defendants, Edward MacDowell and Marianne MacDowell, are adult individuals and husband and wife, who reside at 15 Hilltop Drive, Ottsville, Pennsylvania 18942-1617.

3.      Defendants, Daniel Krapf and Kathleen Krapf, are adult individuals and husband and wife, who reside at 8 Catherine Avenue, Doylestown, Pennsylvania 18901.

#4000852v1

### Jurisdiction and Venue

4.      This Honorable Court has subject matter jurisdiction over Defendants and the matters complained of in this Complaint pursuant to 28 U.S.C. § 1332 because the Parties are citizens of different states, and the amount in controversy is greater than $75,000.00.

5.      Venue for this action is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred herein.

### Underlying Facts

6.      On or about July 20, 2024, Plaintiff was an invited guest and lawfully on the premises at 15 Hilltop Drive, Ottsville, PA, the residence of Defendants Edward and Marianne MacDowell.

7.      At this date and time, Defendants Daniel Krapf and Kathleen Krapf planned and were hosting an engagement party for their son Kevin ("engagement party") at the MacDowell residence.

8.      At all times relevant and for an extended period prior to the engagement party, the residence of Defendants Edward and Marianne MacDowell had an outside elevated wooden deck,



without guardrails or structural posts or warnings or barriers ("defective/dangerous/hazardous condition"), where guests congregated and socialized during the event.

9. On this date at approximately 8:00 p.m.., while walking the elevated deck,, Plaintiff fell to the ground due to this created safety defect/dangerous condition, that had been carelessly and negligently allowed to remain or exist by Defendants on the premises.

10. At all times relevant hereto, Defendants owned, managed, were responsible for, and/or were in control of all areas of the MacDowell premises, including the aforementioned safety defect/dangerous condition, i.e. elevated deck without guardrails or posts or warnings, or barriers, and to maintain it in a reasonable and safe condition for invited guests walking thereon during the engagement party, such as Plaintiff, Mary Johnson.

11. At all times relevant hereto, Defendants Daniel Krapf and Kathleen Krapf were agents of Defendants Edward MacDowell and Maryanne MacDowell.

12. At all times relevant hereto, Defendants Edward MacDowell and Maryanne MacDowell acted through their agents, servants, workmen and/or employees acting within the course and scope of their employment separately or with each other,

13. The injuries and losses suffered by Plaintiff were caused solely and exclusively by the negligent acts and omissions of Defendants, their agents, servants and employees, as described more specifically herein, jointly and severally, and were not caused by an act or failure to act on the part of Plaintiff.

### COUNT I – NEGLIGENCE
### MARY LOUISE JOHNSON V. DEFENDANTS EDWARD AND MARYANNE MACDOWELL

14. Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

#4000852v1

15.    At all times relevant hereto, Defendants, Edward and Maryanne MacDowell owned, possessed, and controlled the residential premises located at 15 Hilltop Drive, Ottsville, Pennsylvania.

16.    As the owner of said property, Defendants owed a high duty of care to invited guests to maintain the premises in a reasonably safe condition and to warn of or remedy known safety defects, hazards and/or dangerous conditions.

17.    At all times relevant hereto, Defendants permitted and encouraged the use of the premises for the engagement party, during which the elevated deck was utilized as a gathering space.

18.    The elevated deck, which lacked any railing, guardrail, warnings or protective barriers, constituted a hazardous and defective condition that posed an unreasonable risk of harm to invitees and licensees, particularly in a social setting where alcohol was provided and expected to be drunk..

19.    Defendants knew, or in the exercise of reasonable care should have known, of the hazardous condition of the deck and the foreseeable risk it posed to guests.

20.    Defendants were negligent and careless under the circumstances in that they breached said duty by failing to:

a. install or maintain adequate railings or safety barriers on the elevated deck;

b. warn guests of the absence of such safety features;

c. restrict access to the dangerous area of the deck;

d. maintain the premises in a reasonably safe condition for the intended use of the party;

e. maintain the premises in a reasonably safe condition for the intended use of the party with known and expected alcohol consumption;

f. inspect the premises, including the deck at issue, for hidden defective, dangerous, and hazardous conditions;

g. remedy or repair the defective, dangerous and hazardous conditions;

#4000852v1

h. adequately coordinate with the host Co-Defendants Daniel Karpf and Kathleen Karpf, to ensure the area(s) designated for the party, including the deck at issue, was free from life and/or injury-threatening conditions such as the hazardous and dangerous condition described above;

i. sufficiently communicate with Co-Defendants Daniel Karpf and Kathleen Karpf for purposes of understanding the planning, scope and degree of the engagement party;

21. As a direct and proximate result of the aforementioned breaches, the Plaintiff fell from the elevated deck, suffering severe, permanent, and debilitating spinal injuries.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, Edward MacDowell and Maryanne MacDowell, in an amount in excess of the statutory limits of arbitration.

## COUNT II – NEGLIGENCE
## MARY LOUISE JOHNSON V. DEFENDANTS DANIEL KRAPF AND KATHLEEN KRAPF

22. Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

23. Defendants, Daniel Krapf and Kathleen Krapf, undertook the duty to organize, manage, plan, select/provide food and drink for, and/or supervise the engagement party held on the premises of Defendants, Edward MacDowell and Maryanne MacDowell.

24. Defendants, Daniel Krapf and Kathleen Krapf, exercised substantial control over the event, including the selection of the venue, the invitation of guests, and the provision and service of food and beverages.

25. Defendants arranged and/or facilitated and/or paid for alcohol for the engagement party and expected and anticipated guests to drink alcohol.

#4000852v1

26. By assuming the role of host and event manager, Defendants owed a duty to attendees to exercise reasonable care in the organization of the event and the maintenance of a safe environment for guests.

27. Defendants were negligent and careless under the circumstances in that they breached said duty by:

a. permitting, directing and encouraging guests to congregate on and use the elevated deck known to be devoid of railings or any safety protections;

b. failing to inspect the premises, including the deck at issue, for hidden defective, dangerous, and hazardous conditions;

c. permitting and creating and facilitating an environment that encouraged and/or allowed access and availability for the consumption of alcohol in an area where the lack of railings, warnings or safety barriers posed an extreme and foreseeable risk of falling;

d. failing to exercise adequate supervision over the event, despite having assumed the responsibility of host and manager;

e. failing to coordinate or failing to adequately coordinate with the homeowners to ensure the area(s) designated for the party, including the deck at issue, was free from life and/or injury-threatening conditions, such as the hazardous and dangerous condition described above;

f. failing to sufficiently communicate with Co-Defendants Edward MacDowell and Marianne MacDowell, for purposes of understanding the planning, scope and degree of the engagement party; and

g. planning and/or purchasing and/or allowing access to alcohol knowing guests, including Plaintiff, could access and was in fact on the deck with the hazardous and dangerous condition described above.

28. Defendants, Daniel Krapf and Kathleen Krapf's, actions and omissions in the management of the event created an unreasonable risk of harm that directly resulted in the Plaintiff's fall and subsequent permanent and debilitation spinal injuries.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, Edward MacDowell and Maryanne MacDowell, in an amount in excess of the statutory limits of arbitration.

**COUNT III – DAMAGES**
**MARY LOUISE JOHNSON V. DEFENDANTS EDWARD MACDOWELL AND**
**MARYANNE MACDOWELL**
**AND  DANIEL KRAPF AND KATHLEEN KRAPF**

29. Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

30. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, Plaintiff, Mary Louise Johnson, sustained serious, severe and permanent injuries to her entire body including, but not limited to, neck, back and spinal cord (including a fractured C3-C4 vertebrae, incomplete spinal cord injury C3-C4 with significant telraplegia (quadriplegia) ASIA C, blood vessel dissection C3-C1 right side), shock to her nerves and nervous system, muscle pain and tenderness, and spasm throughout the body, all of which has caused her to suffer anxiety, emotional distress, suffering and functional limitations, which continue to this day and which may continue for an indefinite time into the future.

31. As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Mary Louise Johnson, has been caused to suffer a loss of earnings and earning capacity which is or may be permanent in nature.

#4000852v1

32.    As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Mary Louise Johnson, has suffered embarrassment, humiliation, emotional distress and loss of the pleasures of life, all of which is or may be permanent in nature.

33.    As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Mary Louise Johnson, has suffered severe and permanent functional limitations and has been unable to attend to her usual and customary daily activities, occupations, labors and social duties, to her great detriment and loss.

34.    As a further direct and proximate result of the said injuries, Plaintiff, Mary Louise Johnson, has been forced to enlist the care and treatment of others, has been forced to undergo various forms of medical care and treatment and has been forced to spend various and diverse sums of money for medicine, care and treatment in and about an effort to treat and cure herself of the aforesaid injuries, and she may continue to be obliged to expend sums of money in an effort to treat and cure herself for an indefinite time into the future, to her great detriment and loss.

**WHEREFORE,** Plaintiff, Mary Louise Johnson, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, Edward MacDowell and Marianne MacDowell, and Daniel Krapf and Kathleen Krapf, in an amount in excess of the statutory limits of arbitration.

Respectfully submitted,

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

By: _____
      STEVEN B. BARRETT, ESQ.
      *Attorney for Plaintiff,*
      Mary Louise Johnson

Date: July 6, 2026

#4000852v1